PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL ALAMO, Defendant and Appellant.

No. 3303. Argued January 13, 1928.—Decided April 28, 1928.

B. Sanchez Castaño, G. Benítez Gautier and Dubon & Ochoteco for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In the city of Bayamón and in the presence of various other persons the defendant said: "That American woman is a whore." On appeal from a judgment of conviction for slander the *Fiscal* of this court agrees with the appellant that the case should be reversed. The theory is that the uttered words impute no crime nor are they a tale or report within the sanction of our statute. Section 5691 *et seq.*, Compilation of Revised Statutes of 1911, page 911.

At the hearing we suggested that there was a general federal statute applicable to the territories of the United States whereby fornication was made a crime. Code of Laws of the United States, title 18, chapter XIII, sections 511 and 518. The *Fiscal* says among other things:

"Assuming that the charge of the complaint falls within the provisions of section 518, could the District Court of the United States for Porto Rico prosecute the complainant for such a crime? We think not. The jurisdiction of the Federal Court is limited in the matter of crimes and it has jurisdiction only of those that violate the federal statutes of the United States. This being so, even supposing that the charge was more general and that carnal intercourse should

be established, the prosecutrix being single, if it is not alleged that the crime had been committed within the jurisdictional limits of the Federal Court, we think that no crime would have been charged, which is the essential element required by law and jurisprudence.

"We have no doubt that making the slanderous imputation that a person had stolen mail from a post office box would be to accuse him of a crime penalized by the federal statutes and, therefore, would be indictable as slander, inasmuch as it would have the essential element to make it a crime within the federal statutes.

"But if a person is charged with the commission of a crime which is not punishable under the local statutes, it must appear clearly that it is penalized by the federal statutes in order that it may constitute the crime of *slander*."

If the offense is cognizable, it is clear that it would make no difference whether the words charge an offense against the laws enacted by the local Legislature or not. An offense would be charged against the laws in force in Porto Rico whether cognizable by the local courts or not. Perhaps even if it were only an offense against the laws of some other civilized state, especially if the offended woman lived there, the words of the defendant might fall within the sanction of the statute.

The argument of the *Fiscal* is more to the effect that the complaint did not set up that the woman supposed to be maligned was single. The United States statute in fact refers to unmarried persons. If the offended woman was not unmarried, she was married. That necessarily would be an exhaustive division of the possibilities. If she was a married woman, the prosecutrix would *prima facie* be guilty of adultery punishable under our local laws.

Of course the complaint should ordinarily set forth whether the woman was in fact married or unmarried. Accepting without deciding that the civil status of the woman should be alleged, as no objection was made the defect was not fundamental, if we suppose that the words charged necessarily imputed a crime whether the prosecutrix was married or not. The defect, moreover, might have been cured by

the proof which was not certified to us, the defendant relying on the lack of sufficient facts to set up a crime.

If the foregoing propositions are at all doubtful, the case may be decided on other grounds. To say of a woman in the presence of others that she is a whore is to spread a tale or report punishable under our local law. Thus, to attack the chastity of a woman, while originally not punishable as a crime at common law, and hence not actionable *per se,* has now by statute or court decision been made the subject of such an action. 36 C. J. 735. With these antecedents, whether the words charged are slanderous *per se* or not, they constitute a tale or report against the chastity of a woman. The previous opinions of this court (*People* v. *Garcia,* 21 P.R.R. 153; *People* v. *López,* 23 P.R.R. 106; *People* v. *Colberg,* 24 P.R.R. 630; *People* v. *Barnard,* 32 P.R.R. 788; *People* v. *Flores,* 23 P.R.R. 464; *People* v. *Matos,* 35 P.R.R. 826) contain no pronouncement necessary to the decision of the said cases that would exclude the conclusion at which we have arrived. Properly analyzed, some of these cases support the conclusions of this opinion.

The judgment appealed from will be affirmed.

Mr. Justice Texidor took no part in the decision of this case.